**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BRANDON RAINVILLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-465-G** |
| | ) | |
| **JAMES SMITH, LPD, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff Brandon Rainville, appearing pro se, initially filed his Complaint (Doc. No. 1-2) and Amended Complaint (Doc. No. 1-7) in state court. Defendants then removed the action to this Court pursuant to 28 U.S.C. § 1441(a). *See* Notice of Removal (Doc. No. 1).

BACKGROUND

In the pleadings, Plaintiff identifies as defendants Comanche County, Lawton Police Department ("LPD"), LPD Chief James Smith, and Comanche County District Attorney Kyle Cabelka. *See* Compl. at 1; Am. Compl. at 1. Liberally construing both pleadings, the factual allegations raised are:

- Plaintiff has "definite reason to believe after doing research" that his constitutional rights were "100% violated"; and
- Defendants' violation of various constitutional amendments and a federal statute, "as well as false charges and prosecution," "resulted in bodily injury (loss of limb)" in 2017.

Compl. at 1; Am. Compl. at 1. Plaintiff alleges violations of the First Amendment, Second Amendment, Fourth Amendment, and Eighth Amendment, as well as violation of 18 U.S.C. § 242. *See* Compl. at 1; Am. Compl. at 1. The filings do not request any relief.

DISCUSSION

Although courts construe pro se litigants' pleadings liberally, pro se parties must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted); *accord Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining that "[t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

As detailed below, Plaintiff's pleadings do not comply with Rule 8(a) of the Federal Rules of Civil Procedure, which states in relevant part:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> . . . .
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief[.]

Fed. R. Civ. P. 8(a)(2).

As a result, the pleadings may be dismissed pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (holding that Rule 41(b) "specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure," including the "failure to satisfy Rule 8"). A district court may "employ[] Rule

41(b) to dismiss a case without prejudice for failure to comply with Rule 8 . . . without attention to any particular procedures," *id.* at 1162, and need not wait on a motion to dismiss, *see Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see, e.g.*, *Tanguma v. Kardashian*, No. CIV-18-948-G, 2018 WL 5018480, at *1 (W.D. Okla. Oct. 16, 2018).

Plaintiff's Complaint and Amended Complaint fail to meet the standards of Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement showing that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). "While the pleading standard Rule 8 announces does not require detailed factual allegations, the complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (citation and internal quotation marks omitted). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 550 U.S. 544, 678 (2009)). Here, the pleadings only vaguely allude to a 2017 incident and fail to put Defendants on notice as to how they are claimed to have violated multiple constitutional amendments and a federal statute. Further, to the extent Plaintiff offers only bare legal conclusions, unsupported by factual allegations, these are not entitled to the assumption of truth. *See id.*

Even under a liberal construction, Plaintiff's pleadings fail to meet the Rule 8(a) pleading requirements and are therefore subject to dismissal under Rule 41(b).

CONCLUSION

Accordingly, Plaintiff's Complaint (Doc. No. 1-2) and Amended Complaint (Doc. No. 1-7) are DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. A separate judgment shall be entered.

All pending Motions (Doc. Nos. 5, 6, 9) are DENIED AS MOOT.

IT IS SO ORDERED this 17th day of October, 2025.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge